IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUIS ALVAREZ, | : |
| Petitioner | : |
| | : CIVIL NO. 4:09-CV-2048 |
| v. | : Hon. John E. Jones III |
| MARY E. SABOL, *et al.*, | : |
| Respondents | : |

## **MEMORANDUM**

February 17, 2010

## **THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Petitioner Luis Alvarez, a detainee of the United States Immigration and Customs Enforcement ("ICE") Office, who is confined at the York County Correctional Facility in York, Pennsylvania, initiated this action by filing a Petition for Writ of Habeas Corpus ("Petition") pursuant to the provisions of 28 U.S.C. § 2241. The Petition challenged Alvarez's continued detention by ICE pending his removal to the Dominican Republic and sought immediate removal from custody.[1] (*See* Doc. 1).

---

[1] Significantly, Alvarez challenged only his detention pending removal, not his removal itself. *See Nguijol v. Mukasey*, 2008 WL 5047764, at *1 & n.2 (M.D. Pa. Nov. 24, 2008).

By Order dated November 25, 2009, Respondents were directed to show cause by December 15, 2009 why the Petition should not be granted. (Doc. 8.) On December 11, 2009, a Response to the Petition was filed. (Doc. 9.) On February 12, 2010, Respondents filed a Notice indicating that Alvarez was removed from the United States on January 28, 2010. (Doc. 10.) Attached to the Notice is the Declaration of Kent J. Frederick, Chief Counsel for the Philadelphia ICE Office, verifying that the Office's electronic system shows that Alvarez was removed on that date. (Doc. 10-2.)

**DISCUSSION**

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477-78 (1990); *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. *Lewis,* 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the *continuing* existence of a live and acute controversy." *Steffel v. Thompson,* 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be

extant at all stages of review, not merely at the time the complaint is filed." *Id.* at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy . . . if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese,* 622 F.Supp. 1451, 1462 (S.D.N.Y.1985) (citing *O'Shea v. Littleton,* 414 U.S. 488, 495-96 (1974)); *see also Gaeta v. Gerlinski,* Civil No.3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As previously noted, Alvarez did not seek to challenge the fact of his deportation. (*See supra* note 1.) The relief sought by his Petition, his release from detention pending removal, has been obtained. Consequently, Alvarez's challenge to indefinite detention pending removal must be dismissed as moot because it no longer presents an existing case or controversy. *See Novas v. ICE,* 303 Fed. Appx. 115, 118 n. 3 (3d Cir. 2008) (release from ICE custody moots habeas petition solely addressing the detention issue). An appropriate Order will enter.